IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAHI AMADI HASANATI,
Inmate # D15084,
    Plaintiff,

vs.                                 Case No.: 3:15cv432/LAC/EMT

KEN DETZNER, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the Court on an amended civil rights complaint under 42 U.S.C. § 1983 filed by Plaintiff, an inmate in the Florida Department of Corrections at Santa Rosa Correctional Institution who is proceeding pro se (ECF No. 11). Pending also is a motion for leave to proceed in forma pauperis (ECF No. 5).

The court takes judicial notice that there are at least three cases previously filed by Plaintiff in the United States District Courts that have been dismissed as frivolous or for failing to state a claim upon which relief may be granted. Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In fact, Plaintiff's status as a prisoner with "three strikes" has been determined in another civil rights complaint he previously filed in this district in Case No. 4:15cv229/RH/CAS. As provided in that case:

> Plaintiff previously initiated case number 2:12cv58 in the United States District Court, Middle District of Florida on February 2, 2012. The case was immediately dismissed on February 7, 2012, pursuant to the "three strikes" provision of the Prison Litigation Reform Act. Doc. 6 of case no. 2:12cv58. United States District Judge Charlene Edwards Honeywell took judicial notice that Plaintiff had previously filed three cases in the Eastern District of New York that were dismissed as either frivolous, malicious, or for failure to state a claim upon which relief may be granted. The cases listed were: case no. 1:10cv4908, case no. 1:10cv4909, and case no. 1:10cv4911. *Id.* Because of those dismissals, Plaintiff's case in the Middle District was dismissed pursuant to § 1915(g) finding that Plaintiff "qualifie[d] as a three-striker under § 1915(g)." Doc. 6 at 2 of that case.
>
> Similarly, Plaintiff was denied in forma pauperis status in case number 8:11cv61, which was also filed in the Middle District, because the complaint was frivolous and also failed to state a claim. Docs. 4 and 5 of that case. Plaintiff also filed a challenge to the constitutionality of a number of Florida's criminal statutes in the Southern District of Florida. Case no. 1:13cv21818. The Court dismissed that case sua sponte finding that Plaintiff's complaint was both frivolous and failed to state a claim. Doc. 7 of that case.

Hasanati v. Attorney Genl of State of Florida, Case No. 4:15cv229/RH/CAS, ECF No. 4 at 2–3 (Report and Recommendation, filed May 21, 2015, and adopted by the Court

Page 3 of 6

on June 16, 2015 (ECF No. 8) (footnotes omitted)).  Thus, Plaintiff's status as a "three striker" is established.**¹**

A prisoner with three strikes is precluded from proceeding in forma pauperis in a civil action unless it can be shown that he meets the "imminent injury" exception that is provided in Section 1915(g).  For this exception to be met, the court must be able to determine from the complaint that the plaintiff is under imminent danger of serious physical injury.  Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004).  In so doing, the court must construe the complaint liberally and accept its allegations as true.  *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002).  However, general allegations that are not grounded in specific facts to indicate that serious physical injury is imminent are not sufficient to invoke the exception to Section 1915(g).  Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient.  White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998).  A claim by a prisoner that he faced a past imminent

---

¹As was noted by the Court in Case No. 4:15cv229, Plaintiff's inmate number of D15084 was clearly identified in each of the previous cases used to determine his "3 strikes" qualification.

Case No.: 3:15cv432/LAC/EMT

danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception is not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to the filing of his complaint); *see also* Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 213 (3d Cir. 2001).

In the instant case, Plaintiff's complaint is devoid of any allegations suggesting that he is under imminent danger of serious physical injury. Rather, his claims and allegations are of a contractual nature, stating that, as "the paramount creditor to Jahi Amadi Hasanati, a Trust," he "contracted with the trust . . . and thereby became the beneficiary of such commercial, intellectual proprietary interest" (ECF No. 11 at 7). He claims that Defendants have "wrongfully seized and levied the exempted property of the living man," evidently himself, without adequate due process of law and in

violation of other federal laws.[2]  His claims in no way evidence physical injury and therefore do not meet the exception.

Because Plaintiff is subject to section 1915(g), he is not eligible to proceed in forma pauperis. Since Plaintiff did not pay the $400.00 filing fee at the time he submitted this civil rights action, this case should be dismissed.  Leave should not be provided to allow him to pay the fee.  Rather, because a prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee *at the time he initiates the suit*, his failure to do so warrants dismissal without prejudice.  Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). Dismissal without prejudice would permit the initiation of a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

Accordingly, it is respectfully **RECOMMENDED**:

---

[2] As this and many other courts have come to recognize, Plaintiff's complaint emanates from what has been described as the "Sovereign Citizen Movement," which generally advances the argument that individuals, as natural humans, are their own "Secured Party Sovereigns," citizens of the United States only by contracts which are constrained through such laws as the Uniform Commercial Code (UCC), one of the results evidently being that the individual is not properly or jurisdictionally subject to the criminal laws of the state or federal government.  *See, e.g.,* Schlager v. Beard, 398 F. App'x 699, 701–02 (3d Cir. 2010); Rowe v. Pennsylvania, No. 13-4094, 2014 WL 2805245, at *3 (E.D. Pa. June 20, 2014); Gravatt v. United States, 100 Fed. Cl. 279, 286–89 (Fed. Cl. 2011).

1.	That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

2.	That all pending motions be **DENIED as moot**.

At Pensacola, Florida, this 7th day of January 2016.


　　　　　　　　　　　　　　　　/s/ *Elizabeth M. Timothy*
　　　　　　　　　　　　　　　　**ELIZABETH M. TIMOTHY**
　　　　　　　　　　　　　　　　**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**